FILED
DISTRICT COURT OF GUAM
AUG -2 2006
MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Cynthia C. Sulpacio**     Case Number: **CR 00-00043-001**

Name of Sentencing Judicial Officer:     Honorable John S. Unpingco

Date of Original Sentence:     April 16, 2002

Original Offense:     Count I: Criminal Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §846
Count III: Giving Firearms to a Drug User, in violation of 18 U.S.C. §922(d)(3).

Original Sentence:     57 month term of imprisonment followed by 60 months of supervised release with conditions: not possess a firearm as defined in 18 U.S.C. §921; not possess illegal controlled substances; submit to one urinalysis within 15 days of release from custody and, to two more urinalyses thereafter; participate in a program approved by the U.S. Probation Office for assessment and treatment of narcotic addition or drug or alcohol dependency which will include testing for the detection of substance use or abuse, it is further recommended that the defendant make a co-payment for treatment at a rate to be determined by the U.S. Probation Office; refrain from the use of any alcohol; obtain and maintain gainful employment; perform 300 hours of community service; and pay a $200 special assessment fee.

Type of Supervision: Supervised Release     Date Supervision: June 7, 2006

### PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                                                page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Cynthia Sulpacio's history of drug use, and the detection period of her drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Ms. Sulpacio's mandatory condition to set the maximum number of tests she must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

On June 7, 2006, Ms. Sulpacio began supervision in the Central District Of California. An assessment conducted by U.S. Probation Officer Beverly Allard concluded that substance abuse treatment was not necessary at this time. However, in order for the Probation Officer to effectively monitor Ms. Sulpacio for drug use, the Probation Officer requested the aforementioned modification be imposed. Should drug use be detected or should Ms. Sulpicio fail to comply with drug testing, she will be referred for treatment.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Sulpacio's consent to the modification.

Reviewed by:
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 7-28-2006

Respectfully submitted,
by: JUDY ANNE L. OCAMPO
U.S. Probation Officer
Date: 7-28-2006

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED
JUL 31 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Signature of Judicial Officer
JAMES WARE, Designated Judge
Date: August 2, 2006

PROB 49
(3/89)

# United States District Court

_____ District _____of Guam_____

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

Witness ___*[signature]*___  Signed ___*[signature]*___
        U.S. Probation Officer                                  Probationer or Supervised Releasee

7-11-06
Date